UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ABRAHAM T. SCULL,

        Defendant.

Case No. 13-cr-19-pp

---

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE CLARIFICATION AND IMMEDIATE RELEASE (DKT. NO. 108)**

---

       The court sentenced the defendant on August 15, 2016. Dkt. No. 100. At the end of the sentencing hearing, the court imposed a sentence of eight and a half months of incarceration, and ordered that that sentence should run concurrently with the sentence imposed in Ozaukee County Circuit Court case number 2015CF000132. Id. at 2. In the judgment, the court specified that the eight and a half month sentence was to run concurrently with the sentence imposed by the Ozaukee County Circuit Court. Dkt. No. 101 at 2.

       The defendant has written the court a letter (Dkt. No. 107) and now filed this motion (Dkt. No. 108), asserting that the court needs to clarify its order, because while he believes that he should now have completed both his state and federal sentences, the Bureau of Prisons calculates otherwise.

       There is no need for this court to clarify its August 15, 2016 sentence. The court made very clear in its order of judgment that it intended that the sentence it imposed should run at the same time as the sentence that the

1

Ozaukee County Circuit Court had imposed. What the defendant really contests is how the Bureau of Prisons has calculated his sentence. Calculation of sentences—including calculation of credit for time served—lies within the sole discretion of the Bureau of Prisons, pursuant to 18 U.S.C. §3261. The statute that governs concurrent sentence calculation is 18 U.S.C. §3584; there are also many court decisions which interpret that statute. The BOP strongly considers a judge's recommendation regarding a concurrent sentence. The federal sentence starts running when the BOP designates the state facility in which the defendant resides for service of the federal sentence. See e.g., Romandine v. United States, 206 F.3d 731 (7th Cir. 2000). The BOP takes into account various factors in determining when to designate the facility, and when to start the federal sentence running concurrently with the state sentence.

Because it is the Bureau of Prisons, not this court, which has the authority to calculate concurrent sentences, this court is not in a position to take the action the defendant requests. The court suggests that the defendant consult with his appointed counsel for a further discussion of the issue, and

2

for help in determining whether the BOP has abused its discretion in his case.

The court **DENIES** the defendant's motion for clarification of sentence and immediate release. Dkt. No. 108.

Dated in Milwaukee, Wisconsin this 28th day of November, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:13-cr-00019-PP   Filed 11/28/16   Page 3 of 3   Document 109